JS 44 (Rev. 3/99)
# CIVIL COVER SHEET
APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DENISE SCHNEIDER

## DEFENDANTS
THE PROCTER & GAMBLE DISTRIBUTING COMPANY

(b) County of Residence of First Listed Plaintiff  **Niles, Illinois**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  **Cincinnati, Ohio**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
(215) 893-0100
Heather L. Neulight, Esquire
Greitzer & Locks
1500 Walnut Street, Phila., PA  19102

Attorneys (If Known)  (215) 665-0400
Alan R. Gries, Esquire
Hecker, Brown Sherry and Johnson, LL
1700 Two Logan Square – 18th & Arch
Philadelphia, PA  19103

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |

**PERSONAL INJURY**
☐ 362 Personal Injury— Med. Malpractice
☒ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

☐ 863 DIW C/DIW W (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights |
| | | ☐ 555 Prison Condition |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)
Plaintiff brings claims in strict liability negligence and implied warranty against defendant. Jurisdiction exists in the United States District Court for the Eastern District of Pennsylvania pursuant

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ IN EXCESS OF $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

28 U.S.C. §§ 1332, 1441 and 1446.

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE  5/22/02

SIGNATURE OF ATTORNEY OF RECORD  *Alan R. Gries*

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

     (b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

     (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.     Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE SCHNEIDER, <br><br> Plaintiff <br><br> v. <br><br> THE PROCTER & GAMBLE COMPANY DISTRIBUTING COMPANY, <br> Defendant | CIVIL ACTION <br><br> No. 02cv 3109 |

## NOTICE OF REMOVAL

Pursuant 28 U.S.C. §§ 1332, 1441 and 1446, defendant, Procter & Gamble Pharmaceuticals, Inc. (incorrectly designated as "The Procter & Gamble Distributing Company" and hereinafter "Procter & Gamble"), hereby removes to the United States District Court for the Eastern District of Pennsylvania the case captioned <u>Denise Schneider v. The Procter & Gamble Distributing Company</u>, bearing docket No. 002540, April Term, 2002, currently pending in the Pennsylvania Court of Common Pleas for Philadelphia County, and in support thereof avers as follows:

1.      On or about April 16, 2002, plaintiff commenced a civil action against Procter & Gamble by filing a Civil Action Complaint-Short Form in the Pennsylvania Court of Common Pleas of Philadelphia County, bearing docket No. 002540, April Term, 2002.  <u>See</u> plaintiff's Complaint attached hereto as Exhibit "A".

2.      On or about April 22, 2002, Procter & Gamble received a copy of plaintiff's Complaint. No other process, pleadings or orders have been served upon Procter & Gamble with respect to this case. <u>See</u> docket entries in this matter attached hereto as Exhibit "B".

3.      Title 28 United States Code, §1441(a) provides as follows:

89787-1

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this Chapter [28 U.S.C. §1441 et seq.], the citizenship of defendants sued under fictitious names shall be disregarded.

4.    Title 28 United States Code §1332(a) provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between –
>
> (1)    citizens of different States; or
>
> (2)    citizens of a State and citizens or subjects of a foreign state.

5.    The case at hand is a civil action over which this United States District Court has original jurisdiction under 28 U.S.C. § 1332, in that:

(a)    The plaintiff was at the time of the filing of this action, and presently is, a citizen of the State of Illinois. See Complaint, Exhibit "A" at paragraph 1;

(b)    Defendant, Procter & Gamble, was at the time of the filing of this action, and presently is, a citizen of the State of Ohio, being incorporated in the State of Ohio and having its principal place of business in the State of Ohio; and

(c)    Although Procter & Gamble denies plaintiff's allegations and claims for damages, Procter & Gamble avers upon information and belief that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff's Complaint alleges causes of action in negligence, strict liability and breach of warranty, and seeks punitive damages.

89787-1

6.     The diversity and amount-in-controversy requirements of 28 U.S.C. § 1332 are therefore satisfied with respect to this matter.

7.     Under 28 U.S.C. § 1441(a), the United States District Court for the Eastern District of Pennsylvania is the proper venue for removal jurisdiction because it is the District Court of the United States for the district and division within which this action is currently pending—i.e., in the Pennsylvania Court of Common Pleas of Philadelphia County.

WHEREFORE, defendant, Procter & Gamble Pharmaceuticals, Inc., requests that the action of Denise Schneider v. The Procter & Gamble Distributing Company, currently pending in the Pennsylvania Court of Common Pleas of Philadelphia County, bearing docket No. 002540, April Term 2002, be removed to the United States District Court for the Eastern District of Pennsylvania.

DATED:     May 22, 2002

Francis McGill Hadden #41204
Alan R. Gries #73378
HECKER BROWN SHERRY AND JOHNSON, LLP
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 665-0400
Attorneys for Defendant,
Procter & Gamble Pharmaceuticals, Inc.

89787-1

## CERTIFICATE OF SERVICE

I, Alan R. Gries, Esquire, certify that on May 22, 2002, a true and correct copy of the Notice of

Removal attached hereto was served by hand delivery upon:

United States District Court
for the Eastern District of Pennsylvania
Clerks Office
Room 2609 – 2nd Floor
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Lee Balefsky, Esquire
Heather L. Neulight, Esquire
Greitzer and Locks
1500 Walnut Street
Philadelphia, PA 19102

_____
Alan R. Gries

DATED: 5/22/02

89787-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| DENISE SCHNEIDER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| THE PROCTER & GAMBLE | : | |
| DISTRIBUTING COMPANY | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SECTION ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus – Cases brought under 28 U.S.C.
§2241 through §2255.                                        ( )

(b)    Social Security – Cases requesting review of a
decision of the Secretary of Health and Human
Services denying plaintiff Social Security Benefits        ( )

(c)    Arbitration – Cases required  to be designated for
arbitration under Local Civil Rule 53.2.                   ( )

(d)    Asbestos – Cases involving claims for personal
injury or property damage from exposure to
asbestos.                                                  ( )

(e)    Special Management – Cases that do not fall into
tracks (a) through (d) that are commonly referred
to as complex and that need special or intense
management by the court.  (See reverse side of
this form for a detailed explanation of special
management cases.)                                         ( )

89787-1

(f)     Standard Management – Cases that do not fall into
        any one of the other tracks.                    ( X )

_____
        5/22/02
        Date

                                    _____
                                    Attorney-at-law
                                    Alan R. Gries, Esquire
                                    HECKER BROWN SHERRY
                                    AND JOHNSON, LLP
                                    1700 Two Logan Square – 18th & Arch Streets
                                    Philadelphia, PA  19103
                                    Attorneys for Defendant, Procter & Gamble
                                    Pharmaceuticals, Inc.

89787-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENISE SCHNEIDER
        Plaintiff

    v.

THE PROCTER & GAMBLE COMPANY
DISTRIBUTING COMPANY,
        Defendant

CIVIL ACTION

No. _____

## ORDER

AND NOW, this _____ day of _____,

2002, upon consideration of the within Notice of Removal, it is hereby

ORDERED, ADJUDGED and DECREED that the case of <u>Denise Schneider v. The Procter &</u>

<u>Gamble Distributing Company</u>, now pending in the Pennsylvania Court of Common Pleas of

Philadelphia County, bearing docket No. 002540, April Term, 2002, is hereby removed to the United

States District Court for the Eastern District of Pennsylvania.

BY THE COURT:

_____
                                        J.

89787-1

**Exhibit A**

*JURY FEE PAID*

GREITZER AND LOCKS
By: Lee B. Balefsky, Esquire
I.D. # 25321
By: Heather L. Neulight, Esquire
I.D. # 80414
1500 Walnut Street, 20th Floor
Philadelphia, PA 19102
(215) 893-0100
(215) 985-2960
Attorneys for Plaintiff

The filing party shall submit a
Ca~ ~ . .e required by Phila.
~ . . . ~205.2 (A) (5) within
~ . . . . . . ys or shall suffer
~ . . . . .

BY THE COURT:
ALEX BONAVITACOLA
ADMINISTRATIVE JUDGE, **TRIAL DIVISION**

---

Denise Schneider
8431 Madison Drive
Niles, IL 60714

ATTEST:

APR 1 6 2002

M. SIMMONS
PRO. PROTHY

Plaintiff,

vs.

The Procter & Gamble Distributing
    Company
One Procter and Gamble Plaza
Cincinnati, OH 45202

Defendant.

APRIL TERM, 2002

NO. _____ 002540

"PPA" CASE

JURY TRIAL DEMANDED

## NOTICE TO PLEAD

NOTICE  You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.  PHILADELPHIA COUNTY BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE 1101 MARKET STREET, 11TH FLOOR PHILADELPHIA, PENNSYLVANIA 19107 TELEPHONE:  (215) 238-1701

AVISO  Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de lan demanda y la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiendandes u otros derechos importantes para uted.  LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIOI, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ASOCIACION DE LICENCIADOR DE PHILADELPHIA VICIO DE REFERENCIA DE INFORMACION LEGAL 1101 MARKET STREET, 11TH FLOOR PHILADELPHIA, PENNSYLVANIA 19107 TELEFONO: (215) 238-1701

GREITZER AND LOCKS
By: Lee B. Balefsky, Esquire
I.D. # 25321
By: Heather L. Neulight, Esquire
I.D. # 80414
1500 Walnut Street, 20th Floor
Philadelphia, PA 19102
(215) 893-0100
(215) 985-2960
Attorneys for Plaintiff

---

Denise Schneider                          :
8431 Madison Drive                        :
Niles, IL 60714                           :
                                          :
                                          :        APRIL TERM, 2002
                                          :
        Plaintiff,                        :        NO. _____
                                          :
    vs.                                   :
                                          :
The Procter & Gamble Distributing         :
    Company                               :        "PPA" CASE
One Procter and Gamble Plaza              :
Cincinnati, OH 45202                      :
                                          :
        Defendant.                        :        JURY TRIAL DEMANDED
                                          :

## DEFENDANTS LIST

THE PROCTER & GAMBLE DISTRIBUTING COMPANY
One Procter and Gamble Plaza
Cincinnati, OH 45202

GREITZER AND LOCKS
By: Lee B. Balefsky, Esquire
I.D. # 25321
By: Heather L. Neulight, Esquire
I.D. # 80414
1500 Walnut Street, 20th Floor
Philadelphia, PA 19102
(215) 893-0100
(215) 985-2960
Attorneys for Plaintiff

---

Denise Schneider
8431 Madison Drive
Niles, IL 60714

                Plaintiff,

        vs.

The Procter & Gamble Distributing
    Company
One Procter and Gamble Plaza
Cincinnati, OH 45202

          Defendant.

APRIL TERM, 2002

NO. _____

"PPA" CASE

JURY TRIAL DEMANDED

---

## CIVIL ACTION COMPLAINT - SHORT FORM

Plaintiffs incorporate by reference Plaintiffs' Master Long Form Complaint in In

Re: Phenylpropanolamine ("PPA") Litigation in Philadelphia County Court of Common Pleas,

filed as of September 10, 2001, under Master Docket Number, September 2001, No. 0001.

Pursuant to an Order by the Honorable Allan L. Tereshko, Philadelphia County Court of

Common Pleas, the following Short Form Complaint is utilized in this PPA action.

Plaintiff selects and indicates by checking off the appropriate spaces, those

products, parties and claims that are specific to her or his case. Where certain claims require,

1

pursuant to Pennsylvania law, specific pleading or case specific facts and individual information, plaintiff shall add and include them herein.

1.      Plaintiff, is an individual who resides at 8431 Madison Drive, Niles, Cook County (City and County) in the state of Illinois (hereinafter referred to as the "plaintiff").

Plaintiff's social security no. is 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, and her date of birth is 11/6/60.

1a.   Not applicable.

1b.   Plaintiff is __ married to _____, X_ not married.

2.    Plaintiff claims the following products containing PPA caused her injury:

Entex - LA _____

_____

_____

3.    Plaintiff purchased and/or obtained the products containing PPA from <u>do not know</u> on or about <u>do not know</u> (date).

4.    Plaintiff was diagnosed on or about <u>February 23, 1996</u> by <u>Rex Hospital</u> as having <u>a very large right frontoparíztal intracerebral hematoma.</u>

4a.   Plaintiff first learned that her injuries described therein were related to the ingestion of a product containing PPA on or about <u>November of 2000</u>.

5.    Not applicable.

6.    Not applicable.

7.    The following entities are named as defendants as a consequence of plaintiff having ingested a product containing PPA manufactured and/or sold by such defendant(s), and the allegations with regard thereto in the Master Complaint are herein adopted by reference:

2

**(Check appropriate defendants)**

\_\_\_  AMERICAN HOME PRODUCTS CORPORATION

\_\_\_  BAYER CORPORATION

\_\_\_  BRISTOL-MYERS SQUIBB CO.

\_\_\_  CHATTEM INC.

\_\_\_  HEALTH AND NUTRITION SYSTEMS INTERNATIONAL INC.

\_\_\_  NOVARTIS CONSUMER HEALTH INC.

\_X\_  THE PROCTER & GAMBLE DISTRIBUTING COMPANY

\_\_\_  RITE-AID OF PENNSYLVANIA, INC.

\_\_\_  SCHERING-PLOUGH HEALTHCARE PRODUCTS, INC.

\_\_\_  SMITHKLINE BEECHAM CORP.

\_\_\_  THE DELACO COMPANY

\_\_\_  WALGREEN CO.

\_\_\_  WALGREEN EASTERN CO., INC.

\_\_\_  WE PHARMACEUTICALS, INC.

\_\_\_  WHITEHALL-ROBINS HEALTHCARE Division of AMERICAN HOME PRODUCTS CORPORATION

\_\_\_  WYETH-AYERST PHARMACEUTICALS INC.

\_\_\_  WYETH-AYERST INTERNATIONAL INC.

\_\_\_  WYETH-AYERST LABORATORIES Division of AMERICAN HOME PRODUCTS CORPORATION

\_\_\_  ZEE MEDICAL, INC.

\_\_\_  Others (Specify)

3

8.    The following claims asserted in the Master Complaint, and the allegations with regard thereto in the Master Complaint, are herein adopted by reference:

| | | |
|---|---|---|
| __X__ | Count One: | Negligence |
| __X__ | Count Two: | Breach of Implied Warranty |
| _____ | Count Three: | Breach of Express Warranty |
| __X__ | Count Four: | Strict Liability |
| _____ | Count Five: | Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S.§ 201-1, *et. seq.* |
| _____ | Count Six: | Wrongful Death |
| _____ | Count Seven: | Survival Action |
| _____ | Count Eight: | Loss of Consortium |
| __X__ | Count Nine: | Punitive Damages |

9.    Plaintiff's dependents, relationship and date of birth, are:

Jessica Ann Schneider (daughter) date of birth 2/13/96

Blake Aaron Schneider (son) date of birth 3/16/94

4

10.    Not applicable.

**WHERFORE,** Plaintiffs pray for relief as set forth in the Plaintiffs' Master Long Form Complaint in In Re: Phenylpropanolamine Litigation in Philadelphia County Court of Common Pleas, filed as of September 10, 2001, under Master Docket Number, September Term, No. 0001.

**Greitzer and Locks**

By: _Lee B. Balefsky, Esquire_

---

\*    If additional counts are alleged, the specific facts supporting these allegations must be pleaded by the plaintiff in a manner complying with the requirements of the Pennsylvania Rules of Civil Procedure, and the defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to the Short Form Complaint.

GREITZER & LOCKS  •  *ATTORNEYS AT LAW*
1500 WALNUT STREET  •  PHILADELPHIA, PA 19102

TOTAL P.10



## Case Description

| | |
|---|---|
| **Case ID:** | 020402540 |
| **Case Caption:** | SCHNEIDER VS PROCTER&GAMBLE DISTRIBUTING CO |
| **Filing Date:** | Tuesday , April 16th, 2002 |
| **Court:** | MT - MASS TORT |
| **Location:** | CL - 100 PENN SQUARE EAST |
| **Jury:** | J - JURY |
| **Case Type:** | TS - MASS TORT - PPA |
| **Status:** | CLWMT - WAITING FOR LISTING MASS TORT |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | A25321 | BALEFSKY, LEE B |
| **Address:** | 1500 WALNUT ST. 20TH FLOOR PHILADELPHIA PA 19102 (000)893-3403 | | **Aliases:** | *none* | |
| 2 | 1 | | PLAINTIFF | @4482224 | SCHNEIDER, DENISE |
| **Address:** | 8431 MADISON DR NILES IL 60714 | | **Aliases:** | *none* | |
| 3 | | | DEFENDANT | @4482227 | PROCTOR&GAMBLE DISTRIBUTING CO |
| **Address:** | ONE PROCTER & GAMBLE PLAZA CINCINNATI OH 45202 | | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 16-APR-2002 02:49 PM | ACTIV - ACTIVE CASE | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 16-APR-2002 02:50 PM | CIVIJ - COMMENCEMENT CIVIL ACTION JURY | BALEFSKY, LEE B | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 16-APR-2002 02:50 PM | SSCG1 - SHERIFF'S SURCHARGE 1 DEFT | BALEFSKY, LEE B | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 16-APR-2002 02:50 PM | JURYT - JURY TRIAL PERFECTED | BALEFSKY, LEE B | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 16-APR-2002 02:50 PM | CLWCM - WAITING TO LIST CASE MGMT CONF | BALEFSKY, LEE B | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 16-APR-2002 02:50 PM | CMPLT - COMPLAINT FILED NOTICE GIVEN | BALEFSKY, LEE B | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| 16-APR-2002 02:50 PM | CORCT - CORRECTIVE ENTRY | | |

| | | | |
|---|---|---|---|
| **Docket Entry:** | NOTE - ENTRY SHOWING THIS ACTION AS WAITING TO LIST CASE MANAGEMENT CONFERENCE WAS INCORRECTLY ENTERED. THIS IS A MASS TORT ACTION. RECORD IS HEREBY CORRECTED RDD 22-APR-2002. | | |
| | | | |
| 16-APR-2002 02:50 PM | CLWMT - WAITING FOR LISTING MASS TORT | BALEFSKY, LEE B | |
| **Docket Entry:** | *none.* | | |